UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

|  |  |  |
|---|---|---|
| JODI ROY, individually, and FIRST DAKOTA NATIONAL BANK as Special Administrator of the Estate of CHRISTOPHER BRYON MARK JOHN ALBERTY, deceased, | : : : | CIV. 12-4070 |
| Plaintiffs, | : | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| vs. | : | |
| LAKE COUNTY, SOUTH DAKOTA, ROGER HARTMAN, individually and in his capacity as the Lake County Sheriff, TIMOTHY WALBURG, individually and in his capacity as a Lake County employee, REBECCA FIEGEN, individually and in her capacity as a Lake County employee, CHARLES PULFORD, individually and in his capacity as a Lake County employee, and OTHER UNKNOWN PERSONS, individually and in their capacity as employees of Lake County, South Dakota, | : : : : : : : | |
| Defendants. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Defendants have moved for summary judgment seeking the dismissal of all of

Plaintiffs' claims.  Defendants offer this reply brief in further support of their claim that

Plaintiffs' claims fail on the merits and are barred by qualified and statutory immunity.

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

# ARGUMENT

Plaintiffs attempt to overcome summary judgment by simply asserting that, construing the evidence in their favor as the non-moving parties, there are genuine issues of material fact that preclude summary judgment.  In doing so, Plaintiffs ignore several important elements within the qualified immunity and deliberate indifferent analyses that they must satisfy.  Plaintiffs also ignore entire claims sought in their complaint and addressed in Defendants' motion for summary judgment, thereby waiving these claims.

**1.      Defendants are entitled to qualified immunity and judgment on the merits on Plaintiffs' § 1983 claims.**

First, Plaintiffs ignore that, to overcome qualified immunity, they must establish: (1) a violation of a clearly-established constitutional right; and (2) construing the facts most favorably to plaintiff, a reasonable official would have known that his actions violated that right, i.e., acting with deliberate indifference to a serious medical need. *Dodd v. Jones*, 623 F.3d 563, 566 (8th Cir. 2010).  A clearly-established constitutional right requires precedent to give an officer fair notice that his conduct is unconstitutional. *ElGhazzawy v. Berthiaume,* 636 F.3d 452, 459 (8th Cir. 2011).  Defendants asserted in their initial brief that inmates do not have a clearly-established right to prescription medication–particularly in this case where the only evidence is Alberty's unsubstantiated claim that he had been prescribed medication.  Plaintiffs completely ignore this element

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

of the qualified immunity analysis and thus do not identify any such precedent. Without

such precedent, Defendants had no warning that the failure to provide the purported

prescription medications in this case was unlawful and Plaintiffs cannot overcome

qualified immunity.

There is also no evidence of a constitutional violation because Defendants did not

act with deliberate indifference.[1]  Plaintiffs ignore the fact that qualified immunity

"provides ample protection to all but the plainly incompetent or those who knowingly

violate the law." *Luckert v. Dodge County,* 684 F.3d 808, 817 (8th Cir. 2012) (quoting

*Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  "Officials are not liable for bad guesses in

gray areas; they are liable for transgressing bright lines." *Id.*  Plaintiffs also ignore the

onerous deliberate indifference standard requiring more than gross negligence.

*Thompson v. King*, 730 F.3d 742, 746-747 (8th Cir. 2013).  "In order to demonstrate that

a defendant actually knew of, but deliberately disregarded, a serious medical need, the

plaintiff must establish a mental state akin to criminal recklessness: disregarding a known

risk to the inmate's health." *Id.*  Construing the evidence in Plaintiffs' favor, it is still

insufficient to establish deliberate indifference.

---

[1]  Plaintiffs agree that Officer Pulford testified that he did not know Alberty was allegedly taking prescription medications and no one told him Alberty was a suicide risk.  (Doc. 37 ¶¶ 115, 119; Doc. 47 ¶¶ 115, 119.)  Plaintiffs offer no evidence or argument to the contrary to establish Officer Pulford's § 1983 liability, including his alleged deliberate indifference by failing to timely render CPR.  (*See* Doc. 47.)  Thus, all claims against Officer Pulford should be dismissed.

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

To establish deliberate indifference, Plaintiffs must prove that: (1) Alberty had an objectively serious medical need; and (2) Defendants actually knew of his need but deliberately disregarded it. Jailers must only identify a medical need diagnosed by a physician as requiring treatment, or "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corrections*, 512 F.3d 478, 481 (8th Cir. 2008). Construing the evidence in Plaintiffs' favor, there is no evidence that Alberty had an objectively serious medical need.

At the time of his October 15, 2009, arrest, Alberty said he was taking medication for anxiety and ADHD, but Defendants were unable to confirm these diagnoses. Plaintiffs have also been unable to confirm them. (*See* Docs. 47, 48, and 52.) Instead, Plaintiffs offer expert testimony from Dr. David Bean to purportedly establish Alberty's serious medical need. (Doc. 47 at 19.) But Dr. Bean merely concludes, after reviewing Alberty's records and the circumstances surrounding his incarceration, that he should have been evaluated by a medical or mental health professional. (*Id.*; Doc. 52 ¶ 5.) Dr. Bean further opines that, if evaluated, the professional would have recognized Alberty's mental health issues. (*Id.*) Dr. Bean not only fails to establish a diagnosed serious medical need at the time of incarceration, he says that a health professional was needed to make this determination. But the test is whether a layperson, not an expert, would have recognized an undiagnosed serious medical need. Moreover, Dr. Bean's

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

conclusion is based on his review of all of Alberty's records and all of the circumstances surrounding his incarceration.  However, the question is not, in hindsight, whether there was a serious medical condition, but whether the condition was obvious at the time based on the information available at the time.  *Jones,* 512 F.3d at 481.

Not only was there no diagnosed medical need, there was nothing about Alberty to make it obvious to a layperson such as Defendants that a doctor's attention was necessary. Although Alberty claimed to have been prescribed medication for anxiety and ADHD, an inmate's bare assertion does not establish a medical condition.  *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).  Like Alberty's alleged diagnoses, Defendants could not confirm that his alleged prescriptions were valid because it is undisputed that Defendants could not locate his prescription bottles, (Doc. 37 ¶¶ 104-106; Doc. 48 ¶¶ 104-106), and they did not know the name of the prescribing physician or pharmacy where they had been filled (Doc. 37 ¶¶ 67, 108; Doc. 48 ¶¶ 67, 108).  Even Plaintiffs, with the benefit of hindsight, have been unable to confirm Alberty's claims.  (*See* Docs. 47 and 48.)

Even if we construe the facts in Plaintiffs' favor, and assume that Alberty had been diagnosed with anxiety and ADHD and had valid prescriptions, there is still no evidence of an objectively serious medical need.  It would not be obvious to a layperson that an inmate with these diagnoses and medications would need the immediate medical attention necessary to establish an objectively serious medical need.

01559694.1

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Alberty's behavior during his October 15, 2009, arrest also did not establish a medical need "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Alberty was calm and cooperative during booking. (Doc. 37 ¶¶ 63, 98-99; Doc. 48 ¶¶ 63, 98-99.) During his incarceration, he was not intoxicated and did not exhibit any medical problems or any indication that he needed to see a physician. (Doc. 37 ¶¶ 78-90, 118; Doc. 48 ¶¶ 78-90, 118.) Moreover, none of the inmates told jail staff that Alberty was having any medical problems, let alone that he was a suicide risk. (Doc. 37 ¶¶ 76-77, 93, 119; Doc. 48 ¶¶ 76-77, 93, 119.) There is simply no evidence that Alberty had an objectively serious medical condition.

Plaintiffs also ignore the fact that, where there is a claim of delayed medical treatment, the objective part of the test requires "verifying medical evidence" that the defendant ignored an acute or escalating situation, and the alleged delay in treatment caused the claimed injury. *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997). Defendants have asserted that Plaintiffs' expert, Dr. Bean, was only able to offer speculative opinions based on assumptions that, if Alberty had prescriptions for Concerta and Klonopin, and if he had been taking these medications regularly before incarceration, then he "could" have had an adverse response to not taking them in the Lake County Jail. (Doc. 37 ¶¶ 139-141; Doc. 52 ¶ 4.) Dr. Bean admitted that suicide can be the result of "all kinds of things," including factors unrelated to his medication. (*Id.* at ¶ 147.)

01559694.1

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Dr. Bean could not offer "verifying medical evidence" that Alberty's failure to receive his medication for three days caused his suicide.  Plaintiffs do not offer any response to this argument, thereby failing to prove deliberate indifference.

Defendants also asserted in their initial brief that, if a one-month delay in receiving an anti-depressant prescribed by a jail physician amounted to mere negligence in *Ervin v. Busby,* 992 F.2d 147, 150-151 (8th Cir. 1993), then a three-day delay without a verified prescription is clearly not deliberate indifference in this case.  Plaintiffs do not offer any authority to the contrary, further failing to prove their claim.

There is also no evidence to satisfy the second portion of the deliberate indifference test requiring actual knowledge.  Defendants had to subjectively realize that Alberty's alleged serious medical condition created an "excessive risk" to his health and then fail to act on that knowledge.  *See Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).  "[I]t is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question *did in fact know of the risk*."  *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (emphasis added) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Even if a prison official actually knew of an excessive risk to the inmate's health, he is not liable if he responded reasonably to the risk, even if the harm was ultimately not averted.  *Id.* at 417.

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Plaintiffs assert that Defendants were subjectively aware of Alberty's serious medical need based on his "bizarre" behavior during his October 3, 2009, incarceration. (Doc. 47 at 4, 15, 17.)  Plaintiffs repeatedly reference Alberty's "bizarre" behavior, and claim that Officer Fiegen described his behavior as such.  (*Id.* at 17.)  But this is Plaintiffs' characterization of Alberty's behavior.  None of the Defendants described Alberty's conduct during his initial October 3, 2009, arrest as "bizarre."

In fact, Officer Fiegen testified at her deposition that during Alberty's October 3, 2009 booking, when he claimed to be his brother Ronnie Lee Alberty, he was "erratic," "aggravated," and "confrontational," and that she attributed his behavior to the fact that he was intoxicated and "probably bummed that he had gotten caught. . . typical behavior." (Doc. 37 ¶ 60; Doc. 48 ¶ 60.)  When Alberty was in the drunk tank, Officer Fiegen wrote in the jail log that he was "covering up the camera, spitting, and just being unruly" before vomiting in his cell.  (Doc. 37 ¶ 15.)  Officer Fiegen testified that she did not attribute Alberty's behavior to anxiety, but rather to his intoxication.  (Doc. 37 ¶ 61; Doc. 48 ¶ 61.) This behavior is not "bizarre," it is common behavior for an intoxicated inmate. Moreover, the Eighth Circuit has held that its precedent does not presume actual knowledge that an inmate needs medical attention based upon minor symptoms of intoxication.  *Thompson*, 730 F.3d at 748.  Such symptoms hardly distinguish an inmate from the multitude of drug and alcohol abusers the police deal with everyday.  *Id.*

01559694.1                                              - 8 -

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Although Officer Fiegen recognized the importance of getting Alberty his reported medications, she never identified him as having a serious medical condition or being a suicide risk.  (Doc. 37 ¶ 94.)  While Officer Fiegen appears to state on the October 15, 2009, intake video that Alberty had been "extremely out of control because of the anxiety" when arrested on October 3, 2009, it is apparent from the October 3, 2009, jail log and her deposition testimony that she also attributed his behavior to his intoxication and being upset that he had been arrested.  Plaintiffs erroneously attempt to impute knowledge of a serious medical condition based on this one comment.

Chief Deputy Walberg also worked to try and help Alberty locate his medications. But the mere fact that he knew about Alberty's alleged prescription medications and tried to help him obtain them also does not equate to actual knowledge of an "excessive risk" to Alberty's health.

Plaintiffs concede that none of the jail staff reported seeing Alberty exhibit any behavior to suggest that he was suicidal.  (Doc. 47 at 8-9.)  Plaintiffs state, "[t]hat is hardly surprising since [the Defendants] were not properly trained to observe inmates for behaviors related to suicide." (*Id.*)  But if the Defendants lacked the training or ability to identify suicidal behaviors, they could not have subjectively realized Alberty was suicidal. In turn, Defendants could not have deliberately disregarded such a serious medical need, which is necessary to establish deliberate indifference.

01559694.1

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Plaintiffs also fail to respond to the fact that the Eighth Circuit has routinely found no deliberate indifference by officials in jail suicide cases after analyzing whether the officials knew that the inmate was a suicide risk and, if so, how serious the official knew the risk to be. *See, e.g., Hott v. Hennepin County,* 260 F.3d 901, 905-906 (8th Cir. 2001); *Gregoire v. Class,* 236 F.3d 413, 418-419 (8th Cir. 2000); *Bell v. Stigers,* 937 F.2d 1340, 1344 (8th Cir. 1991). Plaintiffs do not cite any precedent with facts analogous to this case where the officers were found to have acted with deliberate indifference.

Construing the evidence in the light most favorable to Plaintiffs, they fail to establish that Alberty had a clearly-established constitutional right to receive his prescription medications. Plaintiffs also fail to show that Defendants violated this right because they cannot establish that Alberty had an objectively serious medical need or that Defendants actually realized this need and deliberately disregarded it.

2.      **The jail policies and training do not amount to deliberate indifference.**

Plaintiffs' supervisory claims against Sheriff Hartman and Lake County for failing to adopt adequate policies and train staff also fail.[2] There can be no liability for inadequate policies or a failure to train without an underlying constitutional violation.

_____

[2] Plaintiffs do not dispute that Deputy Chief Walburg does not have final policymaking authority, (Doc. 37 ¶ 161; Doc. 48 ¶ 161), and thus cannot be liable in his supervisory capacity for an allegedly unconstitutional jail policy. *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991). Thus, the supervisory claim against Chief Deputy Walburg must be dismissed.

01559694.1                                      - 10 -

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

*See Roe v. Humke,* 128 F.3d 1213, 1218 (8th Cir. 1997).  Because Plaintiffs cannot establish a constitutional violation, these claims fail as a matter of law.

Plaintiffs' acknowledge the jail's relevant policies, but claim they are deficient. However, the Eighth Circuit has held that policies enacted to prevent suicides constitute affirmative and deliberate steps to prevent such harms, rather than a deliberate indifference to the possibility of such harms. *Yellow Horse v. Pennington County*, 225 F.3d 923 (8th Cir. 2000).  The same is true of inmate medical treatment and medication policies.  The deliberate indifference standard does not require perfect policies, it requires an active attempt to try and prevent or limit specific harms which is present in this case.

Moreover, Plaintiffs' alleged policy deficiencies did not cause Alberty's suicide. Plaintiffs' brief is full of could haves, should haves, and would haves, that would not have ultimately made a difference in this case.  For example, Plaintiffs claim the jail's intake form should have asked whether the inmate is a current rather than previous suicide risk. (Doc. 47 at 10.)  Plaintiffs also allege that the intake form should have required more detail, such as a narrative area to explain yes/no answers. (*Id.*)  But these changes to the form would not have prevented Alberty's suicide.  Where it is undisputed that the Defendants simply did not perceive Alberty as a suicide risk or observe any suicidal behavior, this lack of risk would have been the same regardless of how it was documented.

01559694.1

- 11 -

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Plaintiffs must also prove that the alleged failure to train "actually caused" the constitutional deprivation. *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). A supervisory officer is entitled to qualified immunity for a § 1983 failure-to-train action unless he had reason to know that the training was likely to result in a constitutional violation. There is no such evidence in this case. Even Plaintiffs' expert, Dr. Lofgreen, ultimately conceded that he not sure whether any suicide training could have prevented Alberty's suicide because it is very difficult to apply the training to precise situations. (Doc. 37 ¶ 182.)[3] As a result, the claim against Sheriff Hartman in his supervisory capacity must be dismissed.

Finally, there is also no evidence of a constitutional violation committed pursuant to an official custom, policy, or practice, necessary for Lake County to be liable. *Luckert,* 684 F.3d at 820. County liability requires " the continuing, widespread, persistent pattern of constitutional misconduct." *Id.* at 819. Moreover, a county cannot be liable for punitive damages and Plaintiffs' right to injunctive relief is moot. Thus, the claim against Lake County must be dismissed.

---

[3] Plaintiffs offer affidavits from both of their experts despite the fact that they were both already deposed in this case. (*See* Docs. 51-52.) Those sworn statements in their affidavits that are inconsistent with their prior deposition testimony must be disregarded. *Taggart v. Ford Motor Credit Co.,* 462 N.W.2d 493, 503 (S.D. 1990) (citing *Camfield Tires Inc. v. Michelin Tire Corp.,* 719 F.2d 1361, 1365-66 (8th Cir.1983)). A court is quick to pierce the ruse of a contradictory affidavit submitted for the purpose of creating a material issue of fact when there was no explanation for the change in testimony from the deposition to the affidavit. *Id.*

01559694.1

- 12 -

**3.   Plaintiffs waived several claims by failing to offer a response.**

Plaintiffs do not respond whatsoever to Defendants' motion for summary judgment on their state wrongful death and survival claims based on the statutory immunity afforded to Defendants under SDCL §§ 3-21-8 and 9.  Plaintiffs also fail to respond to Defendants' assertion that their claim for injunctive relief is moot.  Finally, Plaintiffs assert that they are entitled to punitive damages, but offer no argument as to why this Court should not adopt the Supreme Court's reasoning in *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981), in which the Court held that municipalities are absolutely immune from punitive damages in § 1983 claims, and apply it to Plaintiffs' punitive damage claim against Lake County.

By failing to oppose Defendants' motion for summary judgment on these claims and grounds for relief, Plaintiffs waive them.  *PCL Constr. Servs. v. B&H Contrs. of S.D., Inc.,* 2013 U.S. Dist. LEXIS 62747, 6 FN 1 (D.S.D. May 2, 2013) (where a plaintiff failed to oppose a basis for summary judgment, it constitutes waiver of that claim) (citing *Satcher v. University of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009)).  Therefore, Defendants are also entitled to summary judgment on these claims and Plaintiffs are not entitled to punitive damages or injunctive relief.

01559694.1                          - 13 -

Case Number: Civ. 12-4070
Name of Document: Defendants' Reply Brief in Support of Motion for Summary Judgment

Dated this 19th day of February, 2014.

WOODS, FULLER, SHULTZ & SMITH P.C.

By_____/s/ Gary P. Thimsen_____
        Gary P. Thimsen
        Cheri S. Raymond
        300 South Phillips Avenue, Suite 300
        Post Office Box 5027
        Sioux Falls, South Dakota 57117-5027
        (605) 336-3890
        Gary.Thimsen@woodsfuller.com
        Cheri.Raymond@woodsfuller.com
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2014, I electronically filed the

Defendants' Reply Brief in Support of Motion for Summary Judgment with the Clerk of

Court using the CM/ECF system which will automatically send e-mail notification of

such filing to the following:

Michael F. Marlow          Mikem@jmmwh.com


_____/s/ Gary P. Thimsen_____
One of the Attorneys for Defendants

01559694.1                          - 14 -